UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


TERESA J. TAYLOR,                    )      CASE NO.  1:08 CV 0193
                                     )
                                     )
            Plaintiff,               )      JUDGE JAMES S. GWIN
                                     )
      v.                             )
                                     )      MEMORANDUM OF OPINION
CLEVELAND CLINIC,                    )      AND ORDER
                                     )
            Defendant.               )


On January 23, 2008 pro se plaintiff Teresa J. Taylor filed the above-captioned in forma pauperis action against the Cleveland Clinic in Ohio.[1]  She asserts this court's jurisdiction pursuant to 42 U.S.C. § 21, the Americans with Disability Act (ADA), 42 U.S.C. §§12101, 12182, the Civil Rights Act, 42 U.S.C. 1981, 18 U.S.C. § 13, the International Declaration of Human Rights Articles 1-30 and the Fourth, Fifth, Eighth and Ninth Amendments of the Constitution.  Ms. Taylor contends that unnamed women at the Cleveland Clinic violated her rights by filing a report against her with the Wayne County Children's Service. She is seeking $10 million in damages, as well as

---

[1]Effective March 20, 2008, Ms. Taylor was enjoined from filing any new cases in the United States District Court for the Northern District of Ohio, without seeking and obtaining leave to do so See Taylor v. Son, No. 4:08-cv-0047 (N.D. Ohio 2008)(Economus, J.).

a published apology from the social worker in a Wooster newspaper for one and a half months.

*Relevant Facts*

Ms. Taylor was voluntarily transported to the Cleveland Clinic in July 2007 to consult with a neurologist. She claims her physician in Wooster, Ohio referred her to the Clinic to help monitor her "neurological problems."  During her meeting with Clinic physician Dr. Diehl, he suggested Ms. Taylor speak with one of the hospital's social workers.  Although plaintiff notes that she already has a psychologist, she states she "was not forced to speak to either of these people, nor was she forced to attend this dr. appointment, but did so of her own accord and out of concern for her own health." (Compl.at 1.)  She adds that she brought her one month old son to the appointment, as he was still being breast fed.

Upon her return home to Wooster, Ms. Taylor was visited by a representative from Wayne County Children's Services.  The alleged purpose of the visit was to get her to consent to their investigation of her medical records, as well as those of her son. The Cleveland Clinic allegedly complained to Wayne County that Ms. Taylor lives alone, suffers from epilepsy, takes medication and that her child is living in a potentially dangerous environment.  Ms. Taylor declined to sign the consent form. Once the investigation was completed, the County Services sent a report to the prosecutor's office.  No charges were filed.

It is Ms. Taylor's contention that she was discriminated against by "these abusive people" when they attempted to deny her rights under the International Declaration of Human Rights.  She adds that the women at the Cleveland Clinic who reported her knew she was a full-time student, who has a "civil protection" against her children's father for abusing her while she was pregnant. She asserts that these women intended to discriminate against her because she has

2

epilepsy. Ms. Taylor argues that she is a single parent who is "medication free" strictly by choice.

## Standard of Review

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to section 1915(e).

## Civil Rights Violations

To the extent Ms. Taylor alleges the defendant deprived her of her constitutional rights, the Civil Rights Act of 1964, 42 U.S.C. § 1983, applies.[3]  To prevail in a civil rights action under 42 U.S.C. §1983, a plaintiff must plead and prove that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the constitution and law of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474

---

[2]     A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

[3]Ms. Taylor also claims the defendant violated "42 U.S.C. § 1981." The statute provides that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . .  As is enjoyed by citizens. . . ." 42 U.S.C. § 1981.  There is no allegation in the complaint that Ms. Taylor was denied any rights or treated less than equal based on her race.

U.S. 327 (1986).  Section 1983 alone creates no substantive rights;  rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution or federal laws.  Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979).  The statute applies only if there is a deprivation of a constitutional right.  See e.g., Paul v. Davis, 424 U.S. 693, 699-701(1976); Baker, 443 U.S. at 146-47.  Thus, "[t]he first inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws'" of the United States.  Baker, 443 U.S. at 140.

There are no statements or references in the complaint that set forth a violation of any rights which are protected by Constitution. The court cannot determine, and she has not alleged, any nexus between the fact that she suffers from epilepsy and how any of the enumerated constitutional rights she alleges were violated as a result of that fact. Moreover, there is no allegation that the defendant Cleveland Clinic is a state actor or that the Clinic's actions could be "fairly attributable to the state." Lugar v. Edmondson Oil Co., Inc. 457 U.S. 922, 937 (1982).

### International Human Rights Doctrine

Ms. Taylor asserts that the defendant attempted to deny her rights under the International Declaration of Human Rights.  Her assertion may be a reference to the Universal Declaration of Human Rights (UDHR). The UDHR recognizes the right to be free from torture. UDHR, G.A. Res. 217A(III), U.N. GAOR, 3d Sess., U.N. Doc. A/810, at 71 (1948). The District of Columbia Circuit described the Universal Declaration as "merely a non-binding resolution." Haitian Refugee Ctr. v. Gracey, 809 F.2d 794, 816 n. 17 (D.C.Cir.1987). Moreover, at the time of its adoption in 1948, it was the explicit position of the United States that the Declaration "is not a treaty ... [or] an international agreement" and that "[i]t is not and does not purport to be a statement

4

of law or of legal obligation." 19 Dep't State Bull. 751 (1948) (remarks of Eleanor Roosevelt, then a U.S. delegate to the General Assembly). Therefore, Ms. Taylor cannot rely on the UDHR, which is a resolution of the United Nations, and is binding on neither the United States nor this court. Flores v. S. Peru Copper Corp., 343 F.3d 140, 165 & n. 36, 167-68 & n. 38, 169 (2d Cir.2003). The balance of Ms. Taylor's claims are either unavailing or not supported by the facts alleged.[4]

### Americans with Disability Act (ADA)

Under the ADA, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The Act concerns the right to use and enjoy goods and services as they are offered to the public. Further, the ADA seeks to provide equal access to places where goods and services are provided.

Ms. Taylor fails to allege she was denied equal access to any goods or services the Cleveland Clinic provides. As she noted in her complaint, she voluntarily spoke with a social worker at the Clinic, which resulted in a follow up visit to her home. Whether or not the social worker incorrectly believed Ms. Taylor's child was living in a potentially dangerous environment, the plaintiff has not alleged any injury that would fall under the purview of the ADA.

### Failure to State a Claim

---

[4]Ms. Taylor's reference to "42 U.S.C. § 21" does not provide this court jurisdiction over any civil complaint. Rather, it is a citation to the "Procedural Regulations of the Equal Employment Opportunity Commission." Her citation to 18 U.S.C. §13, or the Assimilative Crimes Act, as a basis for this court's jurisdiction is equally unavailing. As a private citizen, Ms. Taylor has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch. See United States v. Nixon, 418 U.S. 683, 693 (1974).

Principles requiring generous construction of <u>pro se</u> pleadings are not without limits. <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1277 (4th Cir. 1985).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  <u>Id.</u> at 1278.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a <u>pro se</u> plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  <u>Id.</u> at 1278.

Further, legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences.  <u>Morgan v. Church's Fried Chicken</u>, 829 F.2d 10, 12 (6th Cir. 1987); <u>see</u> <u>Place v. Shepherd</u>, 446 F.2d 1239, 1244 (6th Cir. 1971) (A pleading will not be sufficient to state cause of action under Civil Rights Act if its allegations are but conclusions).  Even liberally construed, the complaint does not contain allegations reasonably suggesting plaintiff might have a valid federal claim.

Based on the foregoing, Ms. Taylor is granted leave to proceed <u>in forma pauperis</u> and this action is dismissed pursuant to §1915(e).  Further, the court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: April 14, 2008                          *s/   James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE